Dear Mr. Roache:
You have requested an opinion of the Attorney General regarding the provisions of R.S. 11:2175(E), as it relates to restrictions on income and retirement benefits for retired members of the Sheriffs' Pension and Relief Fund (Fund).
The factual scenario you present involves a retired member of the Fund who is employed by a police jury. While the retiree works in the police jury office, the sheriff's office maintains the employment records and the hours worked, and reimburses the police jury for the cost of the services performed by the retiree. In other words, the retiree's salary is being paid by the sheriff's office through reimbursement to the police jury.
You specifically ask whether the provisions of R.S. 11:2175(E) must be applied with respect to the income earned from this retiree's employment. You state that an audit of the Fund noted this transaction and determined that it should be subject to the restriction contained in Section 2175(E).
You specifically ask whether this employment arrangement is subject to Section 2175(E) with respect to the income earned by this retiree.
In answer to your question we first note the controlling language in Section 2175:
 "(E).(1) The board of trustees shall not authorize, grant, or pay any retirement or disability benefits to any person employed by or in the office of any sheriff of any parish of the State of Louisiana except that the board may authorize, grant, or pay a retirement or disability benefit to retirees who are reemployed in a sheriff's office on a part-time basis provided their earnings in a fiscal year shall not exceed twenty-five percent of the member's final average compensation at the time of retirement . . . ."
Although the retiree is physically located in the police jury office, the sheriff's office maintains employment records reflecting the hours worked by same. In addition, the sheriff does, in fact, fund the salary paid to the retiree by way of reimbursement to the policy jury.
We concur with the auditor's findings that the earnings resulting from this transaction, as well as the retirement benefits being received by the retiree are subject to the restriction in Section 2175(E), supra. To hold otherwise would enable the retiree to do indirectly that which is directly prohibited by law. We believe this would clearly constitute a subterfuge for the purpose of receiving retirement benefits to which the retiree is clearly not entitled.
Trusting this adequately responds to inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/RobIII/cla
Date Received: Date Released:
Robert E. Harroun, III Assistant Attorney General